IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (314) 240-4248 | Case No. 2:24mj917 PK<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Manuel Scott, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (314) 240-4248 (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Deputy United States Marshal with the United States Marshals Service and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the United States Marshals Service for twenty-one years. I am currently assigned to the USMS Violent Fugitive Apprehension Strike Team (VFAST) and the DEA Salt Lake City Metro Narcotics Task Force. I have completed four months of training at the USMS Training Academy at the FLETC facility in Glynco, GA. I have worked fugitive apprehension cases, drug interdiction and drug investigations. I have experience in the methods used by fugitives and drug traffickers, including but not limited to, debriefing cooperating witnesses and cooperating sources, engaging in undercover negotiations/purchasing drugs in an undercover capacity, surveillance, the preparation and execution of search warrants

and making arrests.  As a result of my training and experience, I have become familiar with methods used by fugitives and drug traffickers, including but not limited to, packaging, transportation, distribution /sales, efforts used to detect the presence of law enforcement, communication methods such as coded speech, and the use of social media.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location.  However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the USMS Marshals in the District of Missouri obtained a PRTT warrant for the cellular device on August 30, 2024.  Target, Isaiah Wyrick has been identified to be the user of this cellular device and the cellular device is currently in the Ogden, Utah area since September 11, 2024.  Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, on August 21, 2024, a Federal Grand Jury, sitting in the Eastern District of Missouri, returned an Indictment charging Isaiah Wyrick with alleged violations of Title  21, United States Code 841; Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of Methamphetamine, Title 21, United States Code 841; Distribution  of 500 grams or more of a mixture or substance containing Cocaine, and Title 18, United States Code 1956; Conspiracy to Commit Money Laundering, in case number 4:24-CR-430 HEA/SPM.  An arrest warrant was issued for Wyrick pursuant to this

Indictment. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Wyrick, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.  See 18 U.S.C. §§ 3121-3127.  This warrant therefore includes all the information required to be included in a pen register order.  See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. On August 21, 2024, a Federal Grand Jury, sitting in the Eastern District of Missouri, returned an Indictment charging Isaiah Wyrick with alleged violations of Title 21, United States Code 841; Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of Methamphetamine, Title 21, United States Code 841; Distribution of 500 grams or more of a mixture or substance containing Cocaine, and Title 18, United States Code 1956; Conspiracy to Commit Money Laundering, in case number 4:24-CR-430 HEA/SPM.  An arrest warrant was issued for Wyrick pursuant to this Indictment.   The U.S. Marshal's Service is attempting to locate and arrest fugitive Wyrick and others, regarding possible violations of 18 U.S.C § 1071 (Harboring a Fugitive), 18 U.S.C § (Flight to Avoid Custody), and 18 U.S.C § 3146 (Failure to Appear).

8. The USMS was assigned apprehension responsibilities for Wyrick, and the USMS initiated an investigation into Wyrick**'s** whereabouts.

9. On August 26, 2024, Drug Enforcement Administration (DEA) personnel informed USMS that during the underlying investigation, in 2023, DEA investigators confirmed

Wyrick's telephone number to be (314) 240-4248.  The service provider is T-Mobile with no known subscriber.

10.     On August 30, 2024, the Federal District Court in the Eastern District of Missouri, issued a Precision Locate Warrant authorizing location tracking of the subject cellular telephone. On August 31, 2024, the United States Marshals Service served the Precision Locate Warrant to T-Mobile and began receiving notifications, as to the location of the subject cellular telephone. The subject cellular telephone consistently hit at the known address for Wyrick**,** 3119 Stanley Dr. Stockton, CA 95212, for the time period of August 31, 2024, to September 09, 2024. On the evening of September 09, 2024, the subject cellular telephone traveled to Reno, Nevada.

11.     In Reno, Wyrick purchased an Amtrak ticket to Salt Lake City, UT in his full name and provided cellular device (314) 240-4248 as his contact number.  Wyrick arrived in Salt Lake City on September 11, 2024, and proceeded to Ogden, UT.  Wyrick has no known family, associates or addresses in the Ogden, UT area.  The United States Marshals Service is currently receiving 3000-meter hits, in the Ogden, UT area. The United States Marshals Service is currently unable to determine a location for WYRICK, as the meter hits are so large, with no known addresses in the area.

## MANNER OF EXECUTION

12.     In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications.  When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication.  These signals include a cellular device's unique identifiers.

13. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

14. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

**AUTHORIZATION REQUEST**

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.  The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

16.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution.  See 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above.  See 18 U.S.C. § 3103a(b)(2).

17.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

18.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

19. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

                                                                             Respectfully submitted,
                                                                             /S/ *Manuel A. Scott*

                                                                             MANUEL A. SCOTT
                                                                             Deputy U.S. Marshal
                                                                             United States Marshals Service

Subscribed and sworn to before me on September 13, 2024

_____
Paul Kohler
United States Magistrate Judge

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (314) 240-4248, whose wireless provider is T-Mobile and whose listed subscriber is Unknown.

**ATTACHMENT B**

Pursuant to an investigation of Isaiah Wyrick with alleged violations of Title 21, United States Code 841; Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of Methamphetamine, Title 21, United States Code 841; Distribution of 500 grams or more of a mixture or substance containing Cocaine, and Title 18, United States Code 1956; Conspiracy to Commit Money Laundering, in case number 4:24-CR-430 HEA/SPM, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).